**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 26-cv-04828-RMR

MARIA FERNANDA CHACON AVE,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
GEORGE VALDEZ, Acting Field Office Director, Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security,
SIRCE OWEN, Acting Director, Executive Office for Immigration Review, and
TODD BLANCHE, United States Attorney General,

Respondent.

---

**ORDER**

---

Petitioner Maria Fernanda Chacon Ave is a citizen of Colombia who entered the United States in 2019 as a B-2 nonimmigrant visitor. ECF No. 2 ¶ 14. She has lived in Stamford, Connecticut with her husband and two children since that date. *Id.* ¶¶ 22-24. She has no criminal history of any kind. *Id.* ¶ 26. She was detained, without a warrant, by Immigration Customs and Enforcement ("ICE") officers, in Connecticut, on August 26, 2026. *Id.* ¶ 27. ICE then transferred her to the Denver Contract Detention Facility in Aurora, Colorado. *Id.* ¶ 32. On September 17, 2026, the Aurora Immigration Court held a custody hearing. *Id.* ¶ 45. At that hearing, Respondents did not argue that Petitioner was dangerous but rather contended that she was a flight risk. *Id.* ¶¶ 50-51. The Immigration

Court found that Petitioner was a flight risk because she had not filed any applications for relief in her removal proceedings and thus had nothing to "motivate [her] to return to a future non-detained hearing." *Id.* ¶ 53.

Petitioner thus filed the instant Verified Petition for Writ of Habeas Corpus ("Petition"), seeking her immediate release. ECF No. 2. She argues that her arrest without a warrant violated 8 U.S.C. § 1226(a), which authorizes detention only with a warrant. Respondents have never produced any warrant for Petitioner's arrest. *Id.* ¶ 65.

Respondents have submitted a response to the Petition. They state they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 18 at 1-2. They recognize that "the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 2. They contend that "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." *Id.* (underline in original).

Given this response, the Petition is granted. Respondents bear the burden of demonstrating that Petitioner's detention is justified. *See, e.g.*, *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024). They did not do so at the custody hearing, where they failed to produce any warrant for her arrest. ECF No. 2 ¶ 65. And they have not done so in their response to the Petition.

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. The Verified Petition for Writ of Habeas Corpus (ECF No. 2) is **GRANTED**;

2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on her own recognizance, along with all her personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on her movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to her primary address;
3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that she is a flight risk or danger to the community such that her physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
5. On or before **October 14, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: October 7, 2026

BY THE COURT:

____________________________________
REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court